Leah L. Judge (SBN 302406)
ljudge@kessenick.com
KESSENICK GAMMA LLP
1 Post Street, Suite 800
San Francisco, California 94104
Telephone:  415.362.9400
Facsimile:  415.362.9401

Brett S. Rosenthal (*pro hac vice* forthcoming)
brett.rosenthal@rm-firm.com
Allison N. Cook (*pro hac vice* forthcoming)
allison.cook@rm-firm.com
Margaret Dunlay Terwey (SBN 322798)
margaret.terwey@rm-firm.com
REESE MARKETOS LLP
750 North Saint Paul Street, Suite 600
Dallas, TX 75201
Tel: (214) 382-9810
Fax: (214) 501-0731

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
### FOR THE NORTHER DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| MOLLY TRANCHIN,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>EBY, INC.<br><br>　　　　　　　Defendant. | **No. __26-5559___**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**COMPLAINT** |

### PLAINTIFF'S ORIGINAL COMPLAINT

This case is about an underwear company called EBY, which stands for "Empowered By You," that disempowered and humiliated its own brand ambassador by posting AI-generated, unauthorized, "deepfake" content depicting Plaintiff's partially nude body on Instagram, which was then disseminated to Plaintiff's followers and others. EBY's conduct—violating Plaintiff's bodily autonomy in order to sell underwear—is the opposite of the female empowerment that EBY purports to champion. When Plaintiff contacted EBY about

the public posting on Instagram of an offensive AI-generated image purporting to show Plaintiff in a state of undress, EBY apologized for the "inconvenience." The unauthorized posting of embarrassing, explicit AI-generated content to Plaintiff's followers has damaged her carefully cultivated personal brand and professional reputation as a family-friendly content creator whose platform centers around compassion, body positivity, healthy diet and lifestyle, family values, and motherhood.

## PARTIES

1.     Plaintiff Molly Tranchin (who uses the online pseudonym "FashionVeggie") is a content creator with hundreds of thousands of followers that admire Ms. Tranchin for her body-positive, family-oriented content. Ms. Tranchin is a citizen and permanent resident of the State of Texas.

2.     Defendant EBY, Inc. ("EBY") is a Delaware corporation with its principal place of business in New York, New York. It can be served with process via its agent, Corporate Trust Center, at 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

3.     Venue is proper in this district under a mandatory venue selection clause. Specifically, on September 23, 2025, the parties executed an EBY User-Generated Content (UGC) Agreement (the "Contract"), which provides that "[a]ny legal action or proceeding arising under th[e] [Contract] will be brought exclusively in the federal or state courts located in the Northern District of California."

4.     The Court has subject-matter jurisdiction over this dispute under 28 U.S.C. § 1332 because this action involves complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000. Plaintiff Molly Tranchin is a permanent resident of Texas who currently lives temporarily in Copenhagen, Denmark. Defendant EBY, Inc. is a Delaware corporation with its principal place of business in New York. Therefore, EBY is a citizen of Delaware and New York.

5.     The Court has personal jurisdiction over EBY because, in the Contract, EBY "irrevocably consent[ed] to the personal jurisdiction and venue" of this District. Moreover,

COMPLAINT AND JURY DEMAND – 2

personal jurisdiction over EBY is proper in this District because EBY purposefully directed its commercial activities toward California residents, and the claims at issue arise directly from those contacts. EBY operates an interactive commercial website through which it solicits orders from California consumers, ships products to addresses within this District, and derives substantial revenue from California-based transactions. These activities constitute purposeful availment of the privilege of conducting business in California. Accordingly, this Court may exercise specific personal jurisdiction over EBY consistent with the Fourteenth Amendment and California's long-arm statute, which extends jurisdiction to the full extent permitted by the United States Constitution.

## FACTUAL ALLEGATIONS

### A.    Ms. Tranchin Builds Her Authentic and Approachable Reputation.

6.    In or around 2014, Ms. Tranchin started a blog and Instagram account called "FashionVeggie." As of 2026, FashionVeggie has approximately 400,000 followers on Instagram alone.

7.    Initially, FashionVeggie focused on vegan clothes and beauty products. When she became pregnant with her first child in 2018, her content expanded to include posts about pregnancy, motherhood, and "self love & body confidence." She frequently features her three children and husband in her posts and continues to create content centered around vegan, non-toxic, and eco-friendly fashion and beauty products.

8.    The account also emphasizes themes of compassion, body positivity, and raising kind, empathetic children. By focusing on cruelty-free products, family moments, and messages of self-acceptance, the account cultivates an authentic and approachable online persona.

9.    Per her account, Ms. Tranchin believes that "fashion is for EVERY BODY." To that end, she regularly partners with apparel brands that cater to all body types.

10.    For example, she has collaborated with TA3, a body-sculpting swimwear company designed "for every curve and size," which aligns with her philosophy that fashion should be accessible to everyone regardless of body shape.

COMPLAINT AND JURY DEMAND – 3

**B.      Ms. Tranchin Partners With EBY.**

11.      EBY (which stands for "Empowered by You") is a seamless underwear company co-founded by Renata Black and Sofia Vergara.

12.      EBY claims to support body inclusivity and empowerment of women as core tenets of its brand identity. Per EBY's website, it is "dedicated to being inclusive and providing options for all women, regardless of their size," and it "provide[s] a range of sizes from XS to 4X . . . [to] ensure that [their] garments fit all customers perfectly."

13.      Since EBY and Ms. Tranchin purported to share the same values as it relates to body positivity and fashion inclusivity, a brand partnership was a natural fit.

14.      EBY and Ms. Tranchin first partnered together in May 2024. During that partnership, EBY and Ms. Tranchin executed several different contracts covering different time periods.

15.      Relevant here, on September 23, 2025, VRAI Digital, LLC (who was serving as Ms. Tranchin's agent and acting on her behalf and for her benefit) and EBY executed the Contract pursuant to which Ms. Tranchin would create "User-Generated Content" for EBY's brand and grant EBY "certain rights to use the content for marketing and promotional purposes," in exchange for a flat fee.

16.      User-generated content ("UGC") is any form of content (including images, Instagram posts, videos, blog posts, etc.) created by consumers rather than the brands themselves. Companies often opt to advertise via UGC rather than traditional methods because UGC feels more authentic and relatable, which affects purchasing decisions.

17.      Under the Contract, Ms. Tranchin agreed to create three videos for EBY. EBY then agreed to "review and evaluate" the UGC prior to posting. As part of that process, EBY was "entitled to one (1) round of reasonable edits to the content." If EBY desired any such edits, then under the Contract, EBY had to respond to Ms. Tranchin's draft UGC with feedback so that Ms. Tranchin could revise accordingly.

18.      Importantly, the Contract does not permit EBY to unilaterally alter the UGC without review and approval from Ms. Tranchin. Indeed, the Contract expressly provides

**COMPLAINT AND JURY DEMAND** – 4

that Ms. Tranchin "retains full ownership of all right, title, and interest in and to the Content, including all copyrights and other intellectual property rights therein," which includes the right to create derivative works.

19. Once EBY approved Ms. Tranchin's UGC, EBY had the right to distribute the content in its marketing, advertising, and promotional activities and to post the videos directly to Ms. Tranchin's "FashionVeggie" Instagram account. The arrangement in which a company can post content directly on a brand sponsor's social media accounts is commonly known in the industry as a "white listing agreement."

20. Specifically, the Contract provides that EBY may "use, reproduce, distribute, and publicly display the UGC in connection with Company's marketing, advertising, and promotional activities across all paid social channels and organic social channels and websites, and email campaigns." Regarding the three video deliverables, the Contract states that each video is subject to "30 days usage/whitelisting" by EBY.

21. Notably, the Contract requires Ms. Tranchin to "uphold the reputation and integrity of the Company and its brand."

22. Emphasizing the importance of Ms. Tranchin's reputation and personal brand, the Contract also expressly provides that Ms. Tranchin may terminate the agreement "in the event EBY brand or any public-facing executive, or any of their products and services become the subject of public controversy, scandal, or disrepute, or otherwise takes or is the subject of any action which shocks, insults, or offends the community of Creator, including, without limitation, Creator's audience, followers, or subscribers."

**C.    EBY Posts an Altered AI-Generated Video of Ms. Tranchin.**

23. In or around October 2025, Ms. Tranchin sent EBY her UGC, as required by the Contract. Consistent with Ms. Tranchin's brand, the UGC was decent and body positive, depicting Ms. Tranchin wearing tasteful, non-sexual versions of EBY's products while modestly covering her chest and breasts with her arms.

24. But EBY—a company that is purportedly dedicated to empowering women— did not post what Ms. Tranchin created, nor did EBY exercise its contractual right to make

**COMPLAINT AND JURY DEMAND** – 5

one round of "reasonable" edits with Ms. Tranchin's consent.

25.    Instead, EBY unilaterally posted an altered video (or "deepfake") of Ms. Tranchin that depicts her exposing her breasts and nipples through one of EBY's sheer bras (the "Video"). Unlike the UGC that Ms. Tranchin had provided to EBY, in the AI-generated Video, Ms. Tranchin's arms are away from her body, not covering her chest.

26.    Ms. Tranchin did not create that content, nor did she approve it. The explicit, deepfake images of Ms. Tranchin's body not only violated her body autonomy—the very antithesis of female empowerment—they also ran directly contrary to Ms. Tranchin's carefully curated family-friendly personal brand and reputation.

27.    On or around November 25, 2025, Ms. Tranchin woke up to dozens of messages from her followers that included screenshots of the Video. The followers were shocked to see such explicit content on Ms. Tranchin's social media pages, because this content was very different than anything Ms. Tranchin had ever posted before and was not in keeping with her personal brand and reputation.

28.    The Video was seen by many people. Posts on Ms. Tranchin's Instagram page typically get thousands of views within minutes of being posted. As discussed below, some of Ms. Tranchin's followers reported seeing the video on their Instagram feed multiple times over the course of several hours.

29.    Ms. Tranchin's agent VRAI immediately alerted EBY about the situation. In response, EBY acknowledged in writing that the Video was "completely unacceptable" and "put [Ms. Tranchin's] account, her livelihood, and her reputation at risk." In response, one of EBY's representatives apologized for the "inconvenience" Ms. Tranchin was experiencing—trivializing Ms. Tranchin's situation with euphemism.

30.    The Video continued to circulate, even after EBY claimed that it had been deactivated. EBY stated that it could not stop the Video from circulating.

31.    EBY's chief executive officer and co-founder, Ms. Black, sent Ms. Tranchin a personal email in which she said that she "wanted to reach out personally with an apology" and was "deeply disappointed about what happened today." Ms. Black claimed that she was

COMPLAINT AND JURY DEMAND – 6

"deeply sorry" and "not taking this lightly whatsoever."

32.     In addition, EBY's executive director of marketing, Chris Lutton, wrote Ms. Tranchin to "apologize that this situation occurred." Mr. Lutton professed that EBY "would never intentionally run or approve any ad that could compromise the integrity, safety, or reputation of one of our creators" and claimed that he was "beyond angry that this happened." Mr. Lutton also admitted that "[w]e know this ad was not created by Molly [*i.e.*, Ms. Tranchin]."

33.     However, despite these admissions, EBY has avoided taking responsibility for its conduct. Instead, EBY is playing the blame game and pointing the finger at other companies that EBY claims (without providing evidence) are responsible, even though Ms. Tranchin never sent the UGC to companies other than EBY, never authorized EBY to share the UGC (much less altered versions of it) with other companies, and never authorized companies other than EBY to post any material on her social media pages.

**D.      The Video Damaged Ms. Tranchin's Brand, Reputation, and Psyche.**

34.     After being posted on Ms. Tranchin's Instagram page, the Video was published to many of Ms. Tranchin's followers and generally available on the Internet for the public to see and potentially make copies of.

35.     Some of Ms. Tranchin's followers immediately recognized that the Video deviated substantially from Ms. Tranchin's family-friendly brand.

36.     One follower sent her a message specifically noting that "the full view of boobs seemed to divert from what is [Ms. Tranchin's] norm."

37.     After Ms. Tranchin posted an explanatory note to her followers explaining the situation and apologizing for the Video (even though it wasn't her fault), another follower responded: "Wow. I was wondering as it came up on my feed several [t]imes[.]"

38.     Another follower wrote: "What a violation. It's so frightening, the things they can do with AI."

39.     Another follower wrote: "Omg I want to let you know that I JUST saw the ad again, nipples and all, six hours after the first time I saw it."

COMPLAINT AND JURY DEMAND – 7

40. Many followers did not realize that the Video was a "deepfake" AI-generated image, rather than a genuine image of Ms. Tranchin. As one follower wrote: "Omg I'm so sorry I saw it and didn't realize it was ai."

41. The posting of this Video has caused irreparable damage to Ms. Tranchin's personal brand and reputation, particularly given that it is so disconsonant with the authentic, family friendly persona Ms. Tranchin worked years to build.

42. The reputational damage caused by the video has caused, and is likely to cause, Ms. Tranchin to suffer a loss in following and/or brand sponsorships.

43. Moreover, the Video violates Meta's platform policies and puts Ms. Tranchin's social media accounts at immediate risk of suspension, censure, or permanent ban. This would devastate Ms. Tranchin's business, as her ability to post on these platforms is an essential part of her successful content-creation business.

44. Finally, the Video has been personally and emotionally damaging to Ms. Tranchin, as it has subjected her to public humiliation and embarrassment.

**CAUSES OF ACTION**

**Count I**

**California Non-Consensual Deepfake Statute**

**Cal. Civ. Code § 1708.86(b)**

45. Ms. Tranchin realleges and incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein.

46. EBY created and intentionally disclosed the Video, which included sexually explicit material portraying Ms. Tranchin. EBY profited from this conduct.

47. EBY knew, or reasonably should have known, that Ms. Tranchin did not consent to the creation or disclosure of the Video.

48. The Video contained explicit, unauthorized, and fictitious images of Ms. Tranchin in a state of partial undress—in particular, exposing her breasts and nipples.

49. EBY's conduct was willful or, at a minimum, grossly negligent.

50. As a result of EBY's conduct, Ms. Tranchin suffered economic and

**COMPLAINT AND JURY DEMAND** – 8

noneconomic damages, including reputational harm, loss of subscribers and brand sponsorships, and emotional distress.

## Count II

### Aiding and Abetting Disclosure of a Non-Consensual Deepfake

### Cal. Civ. Code § 1708.86(b)(3)

51.    Ms. Tranchin realleges and incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein.

52.    EBY knowingly facilitated or recklessly aided and abetted the creation and intentionally disclosed the Video, which includes sexually explicit material portraying Ms. Tranchin. Eby profited from this conduct.

53.    EBY's conduct was willful or, at a minimum, grossly negligent.

54.    As a result of EBY's conduct, Ms. Tranchin suffered economic and noneconomic damages, including reputational harm and emotional distress.

## Count III

### False Light Invasion of Privacy / Defamation

55.    Ms. Tranchin realleges and incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein.

56.    EBY published the Video, which is a false and defamatory representation of Ms. Tranchin. The Video showed an altered image of Ms. Tranchin that exposed her nipples through a sheer bra.

57.    EBY published the Video via Ms. Tranchin's Instagram account and reached hundreds and potentially thousands of people.

58.    EBY's conduct was willful or, at a minimum, grossly negligent.

59.    This conduct has a natural tendency to injure Ms. Tranchin. Moreover, as a result of EBY's conduct, Ms. Tranchin suffered economic and noneconomic damages, including reputational harm, loss of followers and brand sponsorships, and emotional distress.

<u>**Count IV**</u>

**Defamation Per Se**

60.     Ms. Tranchin realleges and incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein.

61.     EBY published the Video, which is a false and defamatory representation of Ms. Tranchin.

62.     The Video shows an altered image of Ms. Tranchin that exposed her nipples through a sheer bra. The Video is defamatory on its face because (1) it defames Ms. Tranchin on its face without the need for an explanation, and (2) it tends to directly injure Ms. Tranchin's business (*i.e.*, FashionVeggie) because the Video was posted to FashionVeggie's account and has a natural tendency to lessen its profits since the Video deviates from Ms. Tranchin's family-friendly persona.

63.     EBY published the Video via Ms. Tranchin's Instagram account and reached hundreds and potentially thousands of people.

64.     EBY's conduct was willful or, at a minimum, grossly negligent.

65.     As a result of EBY's conduct, Ms. Tranchin suffered economic and noneconomic damages, including reputational harm and emotional distress.

<u>**Count V**</u>

**Copyright Infringement**

**Cal. Civ. Code § 980(a)(1)**

66.     Ms. Tranchin realleges and incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein.

67.     Ms. Tranchin has a common law copyright in the video she sent to EBY pursuant to the Contract.

68.     EBY infringed on that copyright by creating and publishing the unauthorized derivative Video that exposes Ms. Tranchin's nipples through a sheer bra.

69.     The AI-manipulated video posted on Instagram constitutes a derivative work. Ms. Tranchin did not authorize the creation of derivative works.

**COMPLAINT AND JURY DEMAND** – 10

70.    EBY's conduct was willful or, at a minimum, grossly negligent.

71.    As a result of EBY's conduct, Ms. Tranchin suffered economic and noneconomic damages, including reputational harm and emotional distress.

## Count VI

## Breach of Contract

72.    Ms. Tranchin realleges and incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein.

73.    Ms. Tranchin (via her agent, VRAI Digital) executed the Contract with EBY.

74.    Ms. Tranchin fully performed her obligations under the Contract. EBY breached the Contract by posting the Video.

75.    EBY's conduct was willful or, at a minimum, grossly negligent.

76.    As a result of EBY's conduct, Ms. Tranchin suffered economic and noneconomic damages, including emotional distress.

## Count VII

## Tortious Interference with Prospective Business Relations

77.    Ms. Tranchin realleges and incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein.

78.    Ms. Tranchin had economic relationships with other brands due to Ms. Tranchin's online persona and influence. Ms. Tranchin's relationships with those brands were likely to result in future economic benefit to Ms. Tranchin.

79.    EBY knew about these relationships, yet intentionally and wrongfully posted the Video. EBY knew that by posting the Video, interference with Ms. Tranchin's economic relationships with other brands was certain or substantially certain to occur.

80.    EBY's conduct was willful or, at a minimum, grossly negligent.

81.    As a result of EBY's conduct, Ms. Tranchin suffered economic and noneconomic damages, including emotional distress.

**COMPLAINT AND JURY DEMAND** – 11

## Count VIII

### Violation of the Right of Publicity

82.    Ms. Tranchin realleges and incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein.

83.    By posting the Video, EBY used Ms. Tranchin's identity and appropriated her name and likeness to EBY's advantage. Ms. Tranchin did not consent to the Video's creation nor to the publication of the Video.

84.    EBY's conduct was willful or, at a minimum, grossly negligent.

85.    As a result of EBY's conduct, Ms. Tranchin suffered economic and noneconomic damages, including emotional distress.

## Count IX

### Violation of the Right of Publicity

### Cal. Civ. Code § 3344

86.    Ms. Tranchin realleges and incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein.

87.    By posting the Video, knowingly EBY used Ms. Tranchin's identity and appropriated her name and likeness to solicit purchases of its products. Ms. Tranchin did not consent to EBY posting the video.

88.    EBY's conduct was willful or, at a minimum, grossly negligent.

89.    As a result of EBY's conduct, Ms. Tranchin suffered economic and noneconomic damages, including emotional distress.

## Count X

### Intentional Infliction of Emotional Distress

90.    Ms. Tranchin realleges and incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein.

91.    EBY engaged in extreme and outrageous conduct by posting the Video. EBY posted the video with reckless disregard that it would likely cause Ms. Tranchin emotional distress.

COMPLAINT AND JURY DEMAND – 12

92.     EBY's conduct was willful or, at a minimum, grossly negligent.

93.     As a result of EBY's conduct, Ms. Tranchin suffered severe emotional distress.

## Count XI

### Non-Consensual Pornography

### Cal. Civ. Code § 1708.85

94.     Ms. Tranchin realleges and incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein.

95.     EBY intentionally distributed the Video without Ms. Tranchin's consent. The Video was altered to expose Ms. Tranchin's nipples—an intimate body part under Cal. Civ. Code § 1708.85(b). EBY knew, or reasonably should have known, that Ms. Tranchin expected that the material would remain private.

96.     EBY's conduct was willful or, at a minimum, grossly negligent.

97.     As a result of EBY's conduct, Ms. Tranchin suffered economic and non-economic damages, including emotional distress.

## Count XII

### Negligence

98.     Ms. Tranchin realleges and incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein.

99.     EBY owed Ms. Tranchin a duty to exercise ordinary care. EBY breached that duty by posting the Video.

100.    As a result of EBY's conduct, Ms. Tranchin suffered economic and non-economic harm, including emotional distress.

101.    This harm was a direct and foreseeable consequence of EBY's conduct.

## Count XIII

### Gross Negligence

102.    Ms. Tranchin realleges and incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein.

103.    EBY owed Ms. Tranchin a duty to exercise ordinary care. EBY breached that

COMPLAINT AND JURY DEMAND – 13

duty by posting the Video. This breach was an extreme departure from the ordinary standard of conduct.

104.    As a result of EBY's conduct, Ms. Tranchin suffered economic and non-economic harm, including emotional distress.

105.    This harm was a direct and foreseeable consequence of EBY's conduct.

### PRAYERS FOR RELIEF

Ms. Tranchin respectfully requests that the Court award her:

**A.**    Actual damages;

**B.**    Statutory damages;

**C.**    Punitive damages;

**D.**    Pre-judgment and post-judgment interest;

**E.**    Costs and reasonable attorneys' fees;

**F.**    Permanent injunctive relief mandating that EBY delete all copies of the Video and remove it from any public postings; and

**G.**    Such further relief to which she may be entitled.

### JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a jury trial for all claims and issues so triable.

June 9, 2026

By: */s/ Leah L. Judge*
Leah L. Judge (SBN 302406)
**KESSENICK GAMMA LLP**
1 Post Street, Suite 800
San Francisco, California 94104
Telephone:  415.362.9400
Facsimile:  415.362.9401
ljudge@kessenick.com

**COMPLAINT AND JURY DEMAND** – 14

Brett S. Rosenthal (*pro hac vice* forthcoming)
Texas Bar No. 24080096
brett.rosenthal@rm-firm.com
Allison N. Cook (*pro hac vice* forthcoming)
Texas Bar No. 24091695
allison.cook@rm-firm.com
Margaret Dunlay Terwey
California Bar No. 322798
margaret.terwey@rm-firm.com
**REESE MARKETOS LLP**
750 N. Saint Paul St. Ste. 600
Dallas, Texas 75201-3201
Telephone: (214) 382-9810
Facsimile: (214) 501-0731

**ATTORNEYS FOR PLAINTIFF**

COMPLAINT AND JURY DEMAND – 15