BEN SUTER, CASB No. 107680
ben.suter@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
578 Jackson Street
San Francisco, California 94133
Telephone: (415) 398-6000
Facsimile: (415) 981-0136

Attorneys for Defendant
EBY, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MOLLY TRANCHIN,<br>Plaintiff,<br>vs.<br>EBY, INC.,<br>Defendant. | Case No. 3:26-cv-05559-PHK<br><br>**DEFENDANT EBY, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**Date: September 24, 2026**<br>**Time: 1:30 p.m.**<br>**Courtroom F – 15th Floor**<br>**Magistrate Judge Peter H. Kang** |

**TO PLAINTIFF MOLLY TRANCHIN AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on September 24, 2026, at 1:30 p.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Courtroom F – 15th Floor before the Honorable Peter H. Kang, Defendant EBY, Inc. will, and hereby does, move to dismiss the Complaint (Dkt. 1) of Plaintiff Molly Tranchin pursuant Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), for an order dismissing Plaintiff Molly Tranchin's Complaint in its entirety, or in the alternative, dismissing or narrowing the specified claims set forth below.

**STATEMENT OF ISSUES TO BE DECIDED**

1. Whether the Complaint should be dismissed under Rule 12(b)(1) because its own allegations

— that Plaintiff "currently lives" in Copenhagen, Denmark — fail to establish that Plaintiff is domiciled in a State of the United States, and instead raise the possibility that Plaintiff is stateless for diversity purposes.

2. Whether Counts I, II, IX, and XI should be dismissed because California's deepfake, publicity, and privacy statutes do not apply extraterritorially to a non-California plaintiff's claims against conduct with no alleged California nexus.

3. Whether Count II should independently be dismissed with prejudice because Cal. Civ. Code § 1708.86(b)(3) did not take effect until January 1, 2026 — after the November 25, 2025 conduct the Complaint alleges.

4. Whether Count XI should independently be dismissed because it is barred by § 1708.85(c)(1)'s exclusion for material created under an agreement for public use and distribution, and because the alleged exposure through sheer fabric does not make the Video "pornography" as that term is commonly understood.

5. Whether Count V should be dismissed with prejudice because § 980(a)(1) protects only unfixed works and any state-law claim to a fixed work is preempted by the Copyright Act.

6. Whether Count XIII should be dismissed as duplicative of Count XII because California does not recognize gross negligence as an independent cause of action.

7. Whether Count XII should be dismissed or narrowed because it identifies no duty independent of the parties' Contract and is barred, in whole or in part, by the economic loss rule.

8. Whether Plaintiff's demand for emotional-distress damages under Count VI should be struck because such damages are unavailable for breach of an ordinary commercial contract.

9. Whether Count VII should be dismissed for failure to identify any specific economic relationship with an identified third party.

10. Whether Counts III, IV, VIII, and IX should be narrowed as impermissibly duplicative.

11. Whether Plaintiff's punitive-damages request should be dismissed or stricken because it rests on formulaic "willful or grossly negligent" recitals rather than facts satisfying Cal. Civ. Code § 3294.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file in this action, and such other matters as may be presented at or before the hearing on this Motion.

DATED: August 17, 2026

*<u>/s/ Ben Suter</u>*
BEN SUTER
KEESAL, YOUNG & LOGAN
Attorneys for Defendant
EBY, INC.

BEN SUTER, CASB No. 107680
ben.suter@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
578 Jackson Street
San Francisco, California 94133
Telephone: (415) 398-6000
Facsimile: (415) 981-0136

Attorneys for Defendant
EBY, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MOLLY TRANCHIN,<br><br>Plaintiff,<br><br>vs.<br><br>EBY, INC.,<br><br>Defendant. | Case No. 3:26-cv-05559-PHK<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>**Date: September 24, 2026**<br>**Time: 1:30 p.m.**<br>**Courtroom F – 15th Floor**<br>**Magistrate Judge Peter H. Kang** |

# TABLE OF CONTENTS


Page

TABLE OF AUTHORITIES ..... ii

I. INTRODUCTION ..... 1

II. LEGAL STANDARD ..... 2

III. ARGUMENT ..... 2

A. The Complaint's Own Allegations Fail To Establish Diversity Jurisdiction. ..... 2

B. California Law Does Not Furnish A Remedy To This Non-Resident Plaintiff Because Neither The Wrongful Conduct Nor Its Effects Are Alleged To Have Occurred In California. ..... 3

C. Count II Independently Fails Because § 1708.86(B)(3) Did Not Exist When The Alleged Conduct Occurred. ..... 5

D. Count XI Independently Fails Under § 1708.85(C)(1)'s Public-Use Exclusion And Because A Sheer Garment Does Not Make The Video "Pornography." ..... 6

E. Count V Fails As A Matter Of Law Because § 980(A)(1) Does Not Protect Fixed Works, And Any State-Law Claim To This Fixed Work Is Preempted. ..... 6

F. Count XIII Should Be Dismissed As Duplicative Of Count XII Because California Does Not Recognize Gross Negligence As An Independent Cause Of Action. ..... 7

G. Count XII Should Be Dismissed Or Narrowed Because It Identifies No Duty Independent Of The Contract And Is Barred By The Economic Loss Rule. ..... 8

H. Plaintiff's Demand For Emotional-Distress Damages Under Count VI Should Be Stricken. ..... 9

I. Count VII Fails To Identify Any Specific Economic Relationship. ..... 9

J. Counts III, IV, VIII, And IX Are Impermissibly Duplicative And Should Be Narrowed. ..... 10

K. Plaintiff's Formulaic "Willful Or, At A Minimum, Grossly Negligent" Allegations Do Not Supply Missing Elements Or Support Punitive Damages. ..... 11

IV. CONCLUSION ..... 12

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 2

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 2

*DellaSalla v. Samba TV, Inc.*,
No. 3:25-cv-03470-JSC, 2025 U.S. Dist. LEXIS 214580
(N.D. Cal. Oct. 30, 2025) .......... 1, 3, 4, 5

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
511 U.S. 375 (1994) .......... 2

*Kontrick v. Ryan*,
540 U.S. 443 (2004) .......... 3

*Leite v. Crane Co.*,
749 F.3d 1117 (9th Cir. 2014) .......... 3

*Lew v. Moss*,
797 F.2d 747 (9th Cir. 1986) .......... 2

*Lopez v. Smith*,
203 F.3d 1122 (9th Cir. 2000) (en banc) .......... 2

*Maljack Prods., Inc. v. GoodTimes Home Video Corp.*,
81 F.3d 881 (9th Cir. 1996) .......... 7

*N.Y. Times Co. v. Sullivan*,
376 U.S. 254 .......... 10

*NewGen, LLC v. Safe Cig, LLC*,
840 F.3d 606 (9th Cir. 2016) .......... 3

*Newman-Green, Inc. v. Alfonzo-Larrain*,
490 U.S. 826 (1989) .......... 2

## STATE CASES

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*,
7 Cal. 4th 503 (1994) .......... 10

*Balla v. Hall*,
59 Cal. App. 5th 652 (2021) .......... 10

*Barker v. Fox &Associates.*,
240 Cal. App. 4th 333 (2015) .......... 11

*Barnes-Hind, Inc. v. Superior Court*,
181 Cal. App. 3d 377 (1986) .......... 11

*Brodeur v. Atlas Entm't, Inc.*,
248 Cal. App. 4th 665 (2016) .......... 10

*City of Santa Barbara v. Superior Court*,
41 Cal. 4th 747 (2007) .......... 8

*De Havilland v. FX Networks, LLC*,
21 Cal. App. 5th 845 (2018) .......... 10

*Della Penna v. Toyota Motor Sales,* U.S.A., Inc.,
11 Cal. 4th 376, 392-93 (1995) .......... 9

*Diamond Multimedia Sys., Inc. v. Superior Court*,
19 Cal. 4th 1036 (1999) .......... 5

*Erlich v. Menezes*,
21 Cal. 4th 543 (1999) .......... 8, 9

*Evangelatos v. Superior Court*,
44 Cal. 3d 1188 (1988) .......... 5

*Fellows v. Nat'l Enquirer, Inc.*,
42 Cal. 3d 234 (1986) .......... 10

*Fleet v. CBS, Inc.*,
50 Cal. App. 4th 1911 (1996) .......... 7

*Gas Leak Cases*,
7 Cal. 5th 391, 400 (2019) .......... 9

*Hass v. RhodyCo Prods.*,
26 Cal. App. 5th 11 (2018) .......... 8

*Korea Supply Co. v. Lockheed Martin Corp.*,
29 Cal. 4th 1134 (2003) .......... 9, 10

*LiMandri v. Judkins*,
52 Cal. App. 4th 326 (1997) .......... 9, 10

*McClung v. Emp't Dev. Dep't*,
34 Cal. 4th 467 (2004) .......... 5

*McGarry v. Univ. of San Diego*,
154 Cal. App. 4th 97 (2007) .......... 11

*Mitchell v. Twin Galaxies, LLC*,
70 Cal. App. 5th 207 (2021) .......... 10

*Norwest Mortg., Inc. v. Superior Court*,
72 Cal. App. 4th 214 (1999) .......... 3, 4, 5

*Reader's Digest Ass'n v. Superior Court*,
37 Cal. 3d 244 (1984) .......... 10

*Seely v. White Motor Co.*,
63 Cal. 2d 9 (1965) .......... 9

*Sheen v. Wells Fargo Bank, N.A.*,
12 Cal. 5th 905 (2022) .......... 8

*Sullivan v. Oracle Corp.*,
51 Cal. 4th 1191 (2011) .......... 3, 5

**FEDERAL STATUTES AND RULES**

17 U.S.C.
§§ 102–103, 106 .......... 7
§ 301(a) .......... 7

28 U.S.C.
§ 1332 .......... 2

Federal Rules of Civil Procedure
Rule 12(b)(1) .......... 2,3,12
Rule 12(b)(6) .......... 1,2,12

**STATE STATUTES AND RULES**

Cal. Civ. Code
§ 45 .......... 11
§§ 48a & 48a(d)(1) .......... 11
§ 980(a)(1) .......... 2, 6, 7
§ 1708.85 .......... 5, 6
§ 1708.86 .......... 4, 5
§ 1708.86(b)(3) .......... 1, 5
§ 3294 .......... 12
§ 3344 .......... 4, 11

**MISCELLANEOUS**

Assembly Bill 621 .......... 5

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Molly Tranchin turns a single disputed advertising incident into thirteen causes of action. Several fail as a matter of law before the Court ever reaches the merits of any dispute over the parties' Contract.

*First*, the Complaint's own allegations put Plaintiff's domicile in doubt: she alleges she is a "permanent resident" of Texas in the same breath she alleges she "currently lives" in Copenhagen, Denmark. Complaint ("*C*") ¶¶ 1, 4. Because diversity jurisdiction turns on domicile, not residence or self-description, this defect goes to the Court's power to hear the case at all.

*Second*, and independently, Plaintiff — a non-California resident — invokes a cluster of California-specific privacy, publicity, and deepfake statutes (Counts I, II, IX, and XI) against a Delaware corporation headquartered in New York, without alleging that the wrongful conduct occurred in California or that its effects were felt here. As a general matter, California law does not furnish a remedy to a non-Californian unless the wrongful conduct occurred in California or its effects were felt here. Recently, in *DellaSalla v. Samba TV, Inc*., No. 3:25-cv-03470-JSC, 2025 U.S. Dist. LEXIS 214580 (N.D. Cal. Oct. 30, 2025), this Court dismissed materially identical claims by out-of-state plaintiffs against a California-headquartered defendant for exactly this reason. If California's privacy statutes did not reach a California-headquartered defendant's conduct toward out-of-state plaintiffs in *DellaSalla,* they reach even less here, where the defendant itself is not a California entity, the alleged conduct is not alleged to have occurred in California, and the alleged effects — reputational harm among a general Instagram following — are not alleged to have been felt in California either. This same conduct-or-effects deficiency independently undermines Plaintiff's common-law claims under California's choice-of-law framework, as discussed below.

*Third*, several counts independently fail on their own terms. Count II invokes a private right of action, Cal. Civ. Code § 1708.86(b)(3), that did not exist until January 1, 2026 — more than a month after the November 25, 2025 conduct alleged in the Complaint. Count XI is barred by § 1708.85(c)(1)'s express exclusion for material "created under an agreement... for its public use and distribution," which is exactly what Plaintiff alleges the underlying User-Generated Content ("UGC") was. Count V invokes

a copyright statute, § 980(a)(1), that by its own terms protects only works not fixed in a tangible medium — the opposite of the fixed video Plaintiff describes. Count XIII duplicates Count XII under the label "gross negligence," which California does not recognize as an independent tort. And Count VI seeks emotional-distress damages unavailable for breach of an ordinary commercial agreement.

For these reasons, and the additional pleading deficiencies discussed below, EBY respectfully requests dismissal of the Complaint under Rule 12(b)(1), or in the alternative dismissal or narrowing of Counts I, II, V, VI, VII, IX, XI, XII, and XIII under Rule 12(b)(6).

## II. LEGAL STANDARD

A Rule 12(b)(1) motion challenges the Court's subject-matter jurisdiction. Where the challenge rests on the face of the Complaint's own allegations, the Court accepts Plaintiff's allegations as true but must dismiss if those allegations, even taken as true, fail to establish jurisdiction. The party invoking federal jurisdiction bears the burden of establishing that jurisdiction affirmatively appears from the record. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Under Rule 12(b)(6), the Complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Legal conclusions couched as factual allegations are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678–79. Dismissal without leave to amend is appropriate where amendment cannot cure the defect. *Lopez v. Smith*, 203 F.3d 1122, 1127–30 (9th Cir. 2000) (en banc).

## III. ARGUMENT

### A. The Complaint's Own Allegations Fail To Establish Diversity Jurisdiction.

Plaintiff invokes this Court's jurisdiction exclusively under 28 U.S.C. § 1332, alleging "complete diversity of citizenship." Ȼ ¶ 4. But she also alleges that she "currently lives temporarily in Copenhagen, Denmark." Id. ¶¶ 1, 4. For diversity purposes, citizenship depends on domicile — physical presence coupled with intent to remain indefinitely — not residence or a plaintiff's own label. *Lew v. Moss*, 797 F.2d 747, 749–52 (9th Cir. 1986). A United States citizen actually domiciled abroad is stateless for diversity purposes: neither a "citizen of a State" under § 1332(a)(1) nor a "citizen or subject of a foreign state" under § 1332(a)(2). *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).

The Complaint alleges no facts about the duration of Plaintiff's time in Denmark, any continuing Texas residence, or any intent to return, from which the Court could conclude her domicile remains Texas. Nor can the Contract's consent-to-jurisdiction language cure this: only Congress can determine a lower court's subject-matter jurisdiction. *Kontrick v. Ryan*, 540 U.S. 443, 452 (2004). Plaintiff bears the burden of establishing jurisdiction. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016). At minimum, the Court should require Plaintiff to plead specific domicile facts in view of the facial and factual inconsistencies in Plaintiff's Complaint as pled. If the identified deficiencies are not cured in an amended pleading, EBY would likely mount a factual Rule 12(b)(1) challenge under *Leite v. Crane Co.*, 749 F.3d 1117, 1121–22 (9th Cir. 2014).

**B. California Law Does Not Furnish A Remedy To This Non-Resident Plaintiff Because Neither The Wrongful Conduct Nor Its Effects Are Alleged To Have Occurred In California.**

California statutes carry a presumption against extraterritorial application: absent clear legislative intent to the contrary, California law is not "operative, with respect to occurrences outside the state." *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207 (2011); *Norwest Mortg., Inc. v. Superior Court*, 72 Cal. App. 4th 214, 222 (1999). Remedies under California statutes "may be invoked by out-of-state parties when they are harmed by wrongful conduct occurring in California," but not where the claim arises from "conduct occurring entirely outside of California." *Norwest*, 72 Cal. App. 4th at 224–25 (citing *Diamond Multimedia Sys., Inc. v. Superior Court*, 19 Cal. 4th 1036, 1063–64 (1999)). The inquiry asks where the liability-producing conduct occurred and where the injury was suffered — not merely whether a defendant has other contacts with California sufficient to be sued here. *Norwest* is explicit on this last point: personal jurisdiction over a defendant does not permit California to regulate injuries to nonresidents caused by conduct occurring outside the state. Id. at 225–26.

This Court applied that same principle just last year to bar out-of-state plaintiffs from invoking California's privacy statutes against conduct with no California nexus. In *DellaSalla v. Samba TV, Inc., supra,* 2025 U.S. Dist. LEXIS 214580, at *5–8, three non-California residents sued a California-headquartered defendant under the California Invasion of Privacy Act and the Comprehensive Computer Data Access and Fraud Act, alleging their television viewing data had been intercepted. The Court

dismissed those claims because the statutes' language and purpose showed no legislative intent to reach conduct occurring to non-residents outside California — even though the defendant was itself a California company and "a large portion of the conduct underlying [the] claims occurred in California." *Id*. at *6–7. The Court squarely rejected the argument that a defendant's California residency and processing activity was enough to extend the statutes to out-of-state plaintiffs harmed by out-of-state conduct.

The same analysis defeats Counts I, II, IX, and XI here on both independent grounds the doctrine recognizes — conduct and effects — and does so more easily than in *DellaSalla*, since EBY is not even a California entity. On the conduct side: EBY is alleged to be "a Delaware corporation with its principal place of business in New York, New York." Ȼ ¶ 2. The Complaint does not allege that the video was created, altered, or posted from California, or that any EBY personnel involved in the alleged conduct were located in California. On the effects side: Plaintiff alleges she is a Texas domiciliary currently residing in Denmark, id. ¶¶ 1, 4, and does not allege that she experienced any part of the alleged reputational or emotional harm while in California, or that her Instagram following is concentrated in or connected to California in any way. The only California contacts the Complaint identifies are a forum-selection clause, id. ¶ 3, and EBY's general e-commerce activity selling underwear to California consumers, id. ¶ 5 — allegations that bear, at most, on personal jurisdiction, which *Norwest* and *DellaSalla* both hold is not the same inquiry as whether California substantive law reaches the conduct at issue. *DellaSalla* rejected precisely this kind of generalized-contacts argument as insufficient to overcome the presumption against extraterritoriality. 2025 U.S. Dist. LEXIS 214580, at *6–7.

Nor does the Contract's forum-selection clause fill the gap. That clause provides only that suits arising under the Contract be brought in this District, Ȼ ¶ 3 — it says nothing about which state's substantive law governs. A forum-selection clause answers where a case may be litigated, not what law applies once it is; *DellaSalla* itself distinguished cases permitting nonresident claims where the parties' governing terms contained an express California choice-of-law provision, which is absent here. *See DellaSalla*, 2025 U.S. Dist. LEXIS 214580, at *11 (distinguishing *Doe v. Meta Platforms*, Inc., 690 F. Supp. 3d 1064, 1079 (N.D. Cal. 2023), on that basis).

Counts I and II (Cal. Civ. Code § 1708.86), Count IX (Cal. Civ. Code § 3344), and Count XI

(Cal. Civ. Code § 1708.85) are all California privacy- and publicity-protection statutes of the same character as the CIPA and CDAFA provisions at issue in *DellaSalla* and the UCL provision at issue in *Norwest* and *Diamond*. Nothing in the text or history of any of these statutes suggests the Legislature intended them to protect non-California residents against conduct with no California nexus. Absent such a showing — which the Complaint does not attempt — these counts should be dismissed.

The same conduct-or-effects deficiency defeats Plaintiff's California common-law claims (Counts III, IV, VIII, X, XII, and XIII) under California's choice-of-law framework, which asks: (1) whether the relevant law of the interested jurisdictions differs; (2) if so, what interest each jurisdiction has in having its own law applied; and (3) which jurisdiction's interest would be more impaired if the other jurisdiction's law were applied instead. *See Sullivan*, 51 Cal. 4th at 1202–06 (applying the three-part governmental-interest test). California has little or no interest in extending its tort law to protect a Texas-domiciled plaintiff, currently residing in Denmark, against a New York-headquartered defendant's conduct that is not alleged to have any California nexus. Any interest Texas or Denmark has in vindicating Plaintiff's privacy and reputational interests is not impaired by declining to apply California law, since those jurisdictions' own law remains fully available to her. Plaintiff has not pled any state's law other than California's, and California's common law does not extend this far on the facts alleged.

### C. Count II Independently Fails Because § 1708.86(B)(3) Did Not Exist When The Alleged Conduct Occurred.

Count II asserts a cause of action under Cal. Civ. Code § 1708.86(b)(3) for knowingly facilitating or recklessly aiding or abetting a nonconsensual deepfake disclosure. Ȼ ¶¶ 51–54. Plaintiff alleges the Video was posted "[o]n or around November 25, 2025." Id. ¶ 27. At that time, § 1708.86 did not contain subsection (b)(3). That provision was added by Assembly Bill 621, chaptered by the Secretary of State on October 13, 2025 as Chapter 673, Statutes of 2025, and did not become operative until January 1, 2026 — more than a month after the conduct the Complaint alleges.

California statutes presumptively operate prospectively absent a clear indication of retroactive intent. *McClung v. Emp't Dev. Dep't*, 34 Cal. 4th 467, 475 (2004); *Evangelatos v. Superior Court*, 44 Cal. 3d 1188, 1207–09 (1988). Nothing in AB 621 makes the new aiding-and-abetting cause of action

retroactive. Count II therefore rests on a cause of action that did not exist when the alleged conduct occurred and should be dismissed with prejudice.

**D. Count XI Independently Fails Under § 1708.85(C)(1)'s Public-Use Exclusion And Because A Sheer Garment Does Not Make The Video "Pornography."**

Count XI alleges a violation of Cal. Civ. Code § 1708.85. Ȼ ¶¶ 94–97. Section 1708.85(c)(1) provides that "[t]here shall be no liability" where "[t]he distributed material was created under an agreement by the person appearing in the material for its public use and distribution or otherwise intended by that person for public use and distribution." That is precisely what Plaintiff alleges here: the underlying UGC was created pursuant to a commercial advertising Contract that authorized EBY to "use, reproduce, distribute, and publicly display the UGC" across "paid social channels and organic social channels and websites, and email campaigns," subject to thirty days of "usage/whitelisting." Ȼ ¶ 20. Plaintiff's allegation that the specific altered version exceeded her consent does not change the character of the underlying material, which she affirmatively alleges was created for public advertising distribution.

Common sense – if not a specific case – would suggest that Section 1708.85 should be independently inapplicable for a second reason. "Non-Consensual Pornography" — the label the statute itself carries — is not satisfied merely because a garment is sheer. As commonly understood, "pornography" connotes material whose predominant purpose or effect is sexual arousal, typically involving depiction of a sexual act or the kind of explicit exposure associated with that purpose — not a commercial advertisement in which a model wears the underwear she was engaged to promote. The Complaint alleges Plaintiff appeared in an EBY bra as part of a paid promotional video for an underwear company; that a garment is sheer enough to reveal the wearer's silhouette does not, or at least without more should not, convert a commercial fashion advertisement into pornography as that term is ordinarily used, and nothing in the Complaint alleges the Video was created or disclosed for a purpose associated with sexual gratification rather than product promotion. Count XI should be dismissed.

**E. Count V Fails As A Matter Of Law Because § 980(A)(1) Does Not Protect Fixed Works, And Any State-Law Claim To This Fixed Work Is Preempted.**

Count V alleges "Copyright Infringement" under Cal. Civ. Code § 980(a)(1). Ȼ ¶¶ 66–71. That

subsection protects only "original work[s] of authorship that [are] not fixed in any tangible medium of expression." Cal. Civ. Code § 980(a)(1) (emphasis added). Plaintiff's own allegations describe a fixed audiovisual work — "the video she sent to EBY," Ȼ ¶ 67, and the "AI-manipulated video posted on Instagram," id. ¶ 69 — that was recorded, transmitted, altered, and repeatedly displayed. A work of that kind falls outside § 980(a)(1) by definition.

Even apart from the statute's plain text, any state-law claim to a fixed audiovisual work is preempted by the Copyright Act — and this is true regardless of whether the work has been published. Any suggestion that California common-law rights survive as to published fixed works is incorrect. *Fleet v. CBS, Inc.*, 50 Cal. App. 4th 1911, 1918–19 (1996). Since January 1, 1978, federal law has occupied the field for works fixed in a tangible medium: "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright... whether created before or after that date and whether published or unpublished, are governed exclusively by" the Copyright Act, and "no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State." 17 U.S.C. § 301(a) (emphasis added); *Fleet*, 50 Cal. App. 4th at 1918–19.

Preemption requires only two things: the work must be fixed in a tangible medium and fall within the subject matter of copyright under 17 U.S.C. §§ 102–103, and the state-law right asserted must be equivalent to the exclusive rights in § 106. *Fleet*, 50 Cal. App. 4th at 1919 (citing *Del Madera Props. v. Rhodes & Gardner, Inc.*, 820 F.2d 973, 976 (9th Cir. 1987); *Trenton v. Infinity Broad. Corp.*, 865 F. Supp. 1416, 1427–28 (C.D. Cal. 1994)). Section 980 was itself amended to conform California law to this federal scheme, and California courts recognize its protection extends only to the narrow category of works Congress chose not to federalize. *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 888 (9th Cir. 1996). Because Plaintiff's video is fixed, Count V targets a statute that categorically excludes it, and amendment cannot transform a fixed, recorded video into an unfixed work. Count V should be dismissed with prejudice.

**F. Count XIII Should Be Dismissed As Duplicative Of Count XII Because California Does Not Recognize Gross Negligence As An Independent Cause Of Action.**

Count XIII alleges "Gross Negligence" as a cause of action separate from the ordinary negligence claim in Count XII. Compare Ȼ ¶¶ 98–101 with id. ¶¶ 102–105. California treats gross

negligence as a degree of culpability, not an independent tort, outside the narrow context of testing the enforceability of an exculpatory release. C*ity of Santa Barbara v. Superior Court*, 41 Cal. 4th 747, 754–55 (2007); *Hass v. RhodyCo Prods*., 26 Cal. App. 5th 11, 32 (2018) (gross negligence "differs from ordinary negligence only in degree, and not in kind"). No release is at issue here, and Count XIII alleges the same duty, breach, and injury as Count XII, adding only the conclusory characterization that the breach was "an extreme departure from the ordinary standard of conduct." Ȼ ¶ 103. Count XIII should be dismissed with prejudice as duplicative of Count XII.

**G. Count XII Should Be Dismissed Or Narrowed Because It Identifies No Duty Independent Of The Contract And Is Barred By The Economic Loss Rule.**

Count XII alleges only that "EBY owed Ms. Tranchin a duty to exercise ordinary care" and "breached that duty by posting the Video." Ȼ ¶¶ 99, 100. The Complaint identifies no source of that duty independent of the parties' Contract, which governed precisely the conduct at issue — EBY's rights to review, edit, use, and post Plaintiff's UGC. Id. ¶¶ 15–20. Indeed, Plaintiff's own contract claim alleges the identical conduct — "EBY breached the Contract by posting the Video" — as the breach. Id. ¶ 74.

"[C]onduct amounting to a breach of contract becomes tortious only when it also violates a duty independent of the contract arising from principles of tort law"; "[a]n omission to perform a contract obligation is never a tort, unless that omission is also an omission of a legal duty." *Erlich v. Menezes*, 21 Cal. 4th 543, 551 (1999). The mere negligent breach of a contract is not sufficient to support a tort claim. Id. at 552. Recovery in tort for what is otherwise a contract breach is permitted only where: (1) the breach is accompanied by a traditional common law tort, such as fraud or conversion; (2) the means used to breach the contract are tortious, involving deceit or undue coercion; or (3) one party intentionally breaches the contract intending or knowing that the breach will cause severe, unmitigable harm in the form of mental anguish, personal hardship, or substantial consequential damages. Id. at 553–54. Plaintiff's negligence allegations fit none of these categories; she alleges only that EBY "owed [her] a duty to exercise ordinary care" and "breached that duty by posting the Video" — the identical conduct she alleges breached the Contract. Ȼ ¶¶ 74, 99–100.

The California Supreme Court reaffirmed the related economic loss rule in *Sheen v. Wells Fargo Bank, N.A.*, 12 Cal. 5th 905, 922 (2022): "there is no recovery in tort for negligently inflicted 'purely

economic losses,' meaning financial harm unaccompanied by physical or property damage." *Id*. (citing *Gas Leak Cases*, 7 Cal. 5th 391, 400 (2019);); *Seely v. White Motor Co*., 63 Cal. 2d 9, 18 (1965)).Because Count XII identifies no duty independent of the Contract and seeks the same purely economic losses as Count VI, it should be dismissed, or at minimum narrowed to require Plaintiff to identify the specific independent duty and non-economic harm she contends support a negligence theory distinct from her contract claim.

**H. Plaintiff's Demand For Emotional-Distress Damages Under Count VI Should Be Stricken.**

Count VI seeks "economic and noneconomic damages, including emotional distress" for breach of the parties' commercial UGC Contract. Ȼ ¶¶ 72–76. California law does not permit recovery of emotional-distress damages for breach of an ordinary commercial contract; such damages are reserved for agreements whose object is substantially tied to emotional tranquility or where other exceptional circumstances exist. *Erlich*, 21 Cal. 4th at 558–61. The Contract here is an influencer-marketing agreement under which Plaintiff created advertising videos for a flat fee. Ȼ ¶¶ 15–20. Whatever tort or statutory remedies Plaintiff may pursue for emotional harm, her demand for emotional-distress damages under the contract claim itself should be struck.

**I. Count VII Fails To Identify Any Specific Economic Relationship.**

To state a claim for tortious interference with prospective economic relations, Plaintiff must plead: (1) an economic relationship between Plaintiff and a third party carrying the probability of future economic benefit; (2) EBY's knowledge of that relationship; (3) intentional acts by EBY, independently wrongful apart from the interference itself, designed to disrupt the relationship; (4) actual disruption; and (5) economic harm proximately caused by EBY's acts. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153–54 (2003) (citing *Della Penna v. Toyota Motor Sales,* U.S.A., Inc., 11 Cal. 4th 376, 392–93 (1995)); *LiMandri v. Judkins,* 52 Cal. App. 4th 326, 339-341 (1997) (third element requires a showing of wrongfulness "apart from the interference itself").

Count VII alleges only that Plaintiff "had economic relationships with other brands" that were "likely to result in future economic benefit." Ȼ ¶ 78. No brand, negotiation, or pending deal is identified, and the Complaint does not allege that any specific relationship was actually disrupted — only that

reputational harm "is likely to cause" future loss. Id. ¶ 42. Nor does the Complaint identify any act by EBY that was independently wrongful apart from the alleged posting itself, as *Korea Supply* and *LiMandri* require. To the extent Plaintiff intends Count VII to reach EBY's own relationship with her rather than her relationships with other brands, that theory fails independently: a contracting party cannot be liable for tortiously interfering with its own contract, since the grievance is, in substance, breach of contract. *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 514, 518 (1994). That formulaic pleading does not satisfy *Twombly* and *Iqbal*. Count VII should be dismissed, with leave to amend to identify the specific relationship(s) and independently wrongful conduct at issue if Plaintiff is able to do so.

**J. Counts III, IV, VIII, And IX Are Impermissibly Duplicative And Should Be Narrowed.**

Count III combines "False Light Invasion of Privacy" and "Defamation" in a single count while Count IV separately pleads "Defamation Per Se" — both based on the identical publication of the identical Video to the identical audience, causing the identical alleged harm. *Compare* ₵ ¶¶ 56–59 with *id*. ¶¶ 61–65. "To establish a false light claim based on a defamatory publication, a plaintiff 'must meet the same requirements' as for a defamation claim," including that the publicity would be "highly offensive to a reasonable person" and that defendant "knew or acted in reckless disregard as to the falsity of the publicized matter." *Mitchell v. Twin Galaxies, LLC*, 70 Cal. App. 5th 207, 218 (2021) (quoting *Jackson v. Mayweather*, 10 Cal. App. 5th 1240, 1264 (2017)); *Balla v. Hall*, 59 Cal. App. 5th 652, 687 (2021); *see also De Havilland v. FX Networks, LLC*, 21 Cal. App. 5th 845, 865 (2018); *Brodeur v. Atlas Entm't, Inc.*, 248 Cal. App. 4th 665, 678 (2016); *Fellows v. Nat'l Enquirer, Inc.*, 42 Cal. 3d 234, 239 (1986).

Where the plaintiff is a public figure, she must show by clear and convincing evidence that the statement was made with actual malice — knowledge of falsity or reckless disregard for the truth. *Reader's Digest Ass'n v. Superior Court*, 37 Cal. 3d 244, 256 (1984); *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 276-280; 285 (1964). EBY submits that Plaintiff, an influencer with approximately 400,000 followers who monetizes brand endorsements, is at least a limited-purpose public figure as to matters

concerning her sponsored content, triggering the actual-malice standard; EBY reserves that argument for further briefing to the extent it is disputed.

Count IV separately alleges the Video is "defamatory on its face," Ȼ ¶ 62 — a claim to libel per se. A publication is libelous per se only if a reader would perceive its defamatory meaning "without extrinsic aid beyond his or her own intelligence and common sense"; if defamatory meaning depends on extrinsic facts not of common knowledge, the claim is libel per quod and requires pleading and proof of special damages. *Barker v. Fox &Associates.*, 240 Cal. App. 4th 333, 351–52 (2015); *Barnes-Hind, Inc. v. Superior Court,* 181 Cal. App. 3d 377, 382 (1986); Cal. Civ. Code § 48a(d)(1). An image depicting Plaintiff wearing the product she was engaged to advertise is defamatory, if at all, only by reference to extrinsic facts about her personal brand positioning — facts not apparent from the Video itself. *See McGarry v. Univ. of San Diego*, 154 Cal. App. 4th 97, 112 (2007) (defamation requires publication tending to expose plaintiff "to hatred, contempt, ridicule, or obloquy" under Cal. Civ. Code § 45).

Count IV, as pled, is therefore at most libel per quod, and Plaintiff has not pled the special damages Section 48a requires independent of her general reputational-harm allegations. EBY requests that the Court require Plaintiff to replead Counts III and IV as clearly separated claims that identify which theory — per se or per quod — she pursues and, if per quod, plead the required special damages, or dismiss the redundant claim.

Count VIII (common-law right of publicity) and Count IX (statutory right of publicity under § 3344) likewise both allege that EBY "used Ms. Tranchin's identity and appropriated her name and likeness" without consent. Compare Ȼ ¶¶ 83–85 with id. ¶¶ 87–89. Plaintiff identifies no use, harm, or damages recoverable under Count VIII that is not already recoverable under Count IX (which, as discussed in Part III.B above, independently fails for lack of any California nexus). Duplicative common-law and statutory publicity claims arising from the same conduct should be narrowed to a single theory.

**K. Plaintiff's Formulaic "Willful Or, At A Minimum, Grossly Negligent" Allegations Do Not Supply Missing Elements Or Support Punitive Damages.**

Nearly every count appends the identical boilerplate allegation that EBY's conduct "was willful

or, at a minimum, grossly negligent." See, e.g., C ¶¶ 49, 53, 58, 64, 70, 75, 80, 84, 88, 92, 103. A recited legal conclusion of this kind does not substitute for facts showing the particular mental state a given statute or tort requires, and it does not establish the oppression, fraud, or malice necessary to support punitive damages under Cal. Civ. Code § 3294. *Iqbal*, 556 U.S. at 678–79. The Complaint's own factual allegations cut the other way: EBY is alleged to have called the posting "completely unacceptable," apologized directly through its CEO and marketing director, and stated it "would never intentionally run or approve" content compromising a creator's reputation. C ¶¶ 29–32. Those allegations are difficult to reconcile with a plausible inference of intentional wrongdoing or conscious disregard, as opposed to an unauthorized error EBY itself regretted. Any request for punitive damages should be dismissed or stricken unless supported by a surviving claim and factual allegations plausibly satisfying § 3294.

## IV. CONCLUSION

For the foregoing reasons, EBY respectfully requests that the Court dismiss the Complaint under Rule 12(b)(1) for lack of subject-matter jurisdiction.

In the alternative, EBY requests that the Court dismiss the Complaint under Rule 12(b)(6) for failure to state a claim, and specifically

1. dismiss Counts I, II, IX, and XI for lack of any California nexus;
2. dismiss Count II with prejudice as resting on a cause of action that did not exist when the alleged conduct occurred;
3. dismiss Count XI under § 1708.85(c)(1) and because the Video is not "pornography" as commonly understood;
4. dismiss Count V with prejudice;
5. dismiss Count XIII with prejudice as duplicative of Count XII;
6. dismiss or narrow Count XII under the economic loss rule;
7. strike Plaintiff's demand for emotional distress damages under Count VI;
8. dismiss Count VII with leave to amend;

///

///

///

9. require Plaintiff to narrow the duplicative claims identified in Part III.J;

10. dismiss or strike the punitive-damages request.

Respectfully submitted,

DATED: August 17, 2026

*/s/ Ben Suter*
BEN SUTER
KEESAL, YOUNG & LOGAN
Attorneys for Defendant
EBY, INC.